United States District Court
Southern District of Texas

**ENTERED**
September 04, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Kendall Robnett, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-17-1341 |
| | § | |
| BrightClaim, LLC, | § | |
| | § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1. *Background.*

BrightClaim, LLC, hired Kendall Robnett as the director of claims in July 2015. Robnett was assigned to manage BrightClaim's new account with Citizens Property Insurance. Within months of her managing the account, Citizens told BrightClaim that she was insubordinate and requested her removal from the account.

BrightClaim removed her from the Citizens account and placed her in a client-relationship manager position. In this role, Robnett's peers complained to senior management about her negative attitude and aggressive behavior. BrightClaim says that it held several counseling sessions, but that her performance continued to deteriorate. BrightClaim fired Robnett in August 2016.

Robnett says that BrightClaim fired her because she was about to become a single mother, not for performance problems. She says that BrightClaim discriminated against her after she told the chief executive officer, Howard Rogers, that she was going to adopt a child.

Four weeks after Robnett disclosed her plans to adopt, Eric Ordway – BrightClaim's chief operations officer – told her that BrightClaim was concerned about her ability to travel as a crucial function of her job. She was fired less than

a month later.

Robnett filed this lawsuit in May 2017 claiming gender discrimination and breach of contract for unpaid expenses, time off, and bonuses.

2.  *Discrimination.*

Robnett says that BrightClaim discriminated against her based on her sex when it fired her after she told Rogers that she was planning to adopt a child. BrightClaim says it fired her for her documented, consistently bad performance.

Prospective single adoptive parents – male or female – do not constitute a protected class under Title VII of the Civil Rights Act of 1964. Adopting is not sex-based, as pregnancy is. Both men and women adopt children, so Robnett's announcement was not sex-specific.

Robnett says she was discriminated against based on her gender for being a prospective single adoptive mother, but she does not identify prospective or real adoptive single fathers who were treated differently than she was.

Even if Robnett could show she is in this protected class, she cannot show that she was not fired for a legitimate reason.

BrightClaim says it fired Robnett because several managers concluded that her work performance and ability to work with co-workers was sub-par. Many of her co-workers formally complained to senior management about her abrasive attitude, and a major client specifically asked BrightClaim to remove Robnett from the account she was hired to manage because of her disruptive behavior, paralleling the co-workers' complaints. Robnett's only performance evidence to the contrary is her own belief that her work was excellent.

Further, Robnett was not replaced by a male. The first time BrightClaim removed Robnett from a position, it replaced her with another woman. The second time, it eliminated her position and reassigned her duties among existing workers; therefore, even if she were a member of a protected class, she cannot show that she was replaced by a person outside of her class.

3.   *Breach of Contract.*

Robnett first said that her breach of contract claim was based on the BrightClaim handbook. Now, she claims for the first time in her response to the motion for summary judgment that there was an implied contract. Both arguments fail.

Because her two offer letters outlined her bonus compensation, these written contracts govern the bonus payments. Under the first contract that Robnett signed, she was not entitled to bonus compensation. The second required that she work for BrightClaim for longer than she did.

Robnett admits that she did not meet the terms of these contracts to receive the bonus payments.[1] Instead, she relies on an oral promise.

To be enforceable, an employer's promise to pay an employee a bonus must be supported by consideration and be definite in its terms.[2] Robnett says that Rogers promised that her compensation would be around $200,000 with bonuses, but admits that the promise was not specific and that Rogers said "it's going to be subjective."[3] This amorphous comment is too indefinite to constitute an enforceable contract.

Further, a written contract precludes prior and contemporaneous oral commitments from being enforceable.[4] The written agreements prevail, and Robnett did not earn a bonus under either of them.

Similarly, Robnett points to both the company handbook and post-termination emails for vacation and expense reimbursement. Neither is an enforceable contract.

Under Texas law, an employee handbook does not create contractual

---

[1] Pl. Dep. 138:14-19, 139:15-141:6.

[2] *In re HDD Rotary Sales, LLC*, 512 B.R. 877, 887 (S.D. Tex. – Houston Division 2014).

[3] Pl. Dep. 141:9-144:4.

[4] *Smith v. Smith*, 794 S.W.2d 823, 827 (Tex. App. – Dallas 1990, no writ).

rights unless the employer expressly agrees to be bound by it.[5] Unless both Robnett and BrightClaim expressly agreed to be bound by the handbook, BrightClaim is not obliged to give Robnett the benefits she is asking for. The handbook specifically has a section titled "This Handbook Is Not a Contract." Under Texas law, BrightClaim clearly is not bound by the handbook; therefore, Robnett's claims for vacation and expense reimbursements under it fail.

Next, Robnett says Rogers emailed her and said that BrightClaim would reimburse her outstanding expenses. In that email, he also mentioned a severance agreement that would expire August 31, 2016. Robnett never executed this severance agreement, so the post-termination gratuitous promise to reimburse expenses fails for lack of consideration.

Because she is not entitled to more than she received under the operable contracts, Robnett's breach of contract claim fails.

4. *Conclusion.*

Robnett cannot show that she was discriminated against as a potential adoptive single mother. Further, she cannot show that BrightClaim breached its contracts with her.

Kendall Robnett will take nothing from BrightClaim, LLC.

Signed on September 4, 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[5] *Zimmerman v. H.E. Butt Grocery Co.*, 932 F.2d 469, 471 (5th Cir. 1991).